**STATE of Missouri, Respondent,**

v.

**Gregory STEVENSON, Appellant.**

**No. ED 88499.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 18, 2007.

Kent Denzel (Public Defender), Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Roger Johnson, Jefferson City, MO, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, JR., J., and KENNETH M. ROMINES, J.

### ORDER

PER CURIAM.

Appellant Gregory Stevenson appeals from the Judgment of the Circuit Court of Jefferson County, the Honorable Gary P.

Kramer presiding, after a jury convicted him of first degree assault of a law enforcement officer in violation of section 565.081 RSMo. and armed criminal action in violation of section 571.015 RSMo.

Stevenson brings five claims of error and argues that the trial court abused its discretion in admitting the following evidence: 1) drugs found in Stevenson's truck; 2) testimony from Officer Elder that she had previously arrested Stevenson and the admission of Exhibit 19 (fingerprint card from that arrest); 3) Exhibit 24 (lab report showing that the substance found in Stevenson's car was cocaine). Stevenson argues that the trial court further abused its discretion in 4) prohibiting Mr. Stevenson from questioning the jury panel during *voir dire* about whether everyone on the panel agreed that, if the State failed to meet its burden of proof, the jury must find him not guilty, because this denied Stevenson his due process rights to a fair trial and an impartial jury under the 6th and 14th Amendments to the U.S. Constitution and Article I, Section 10 and 18(a) of the Missouri Constitution. Finally, Stevenson argues that 5) the trial court abused its discretion in overruling Stevenson's request for a mistrial after announcing to the jury that it would not allow a witness to be called.

We have thoroughly reviewed the record and the briefs of the parties and find that no error of law appears. Therefore, an opinion would serve no jurisprudential purpose. The parties have been given a memorandum, for their information only, setting forth the reasons for this order. The judgment is affirmed pursuant to Rule 30.25(b).

AFFIRMED.